STEPHEN GOULD·

*vs.*

PATRONS' ANDROSCOGGIN MUTUAL FIRE INSURANCE COMPANY.

Cumberland.    Opinion June 10, 1884.

*Fire insurance.    Sale of property.*

A policy of fire insurance provided that if the building was sold or transferred, the policy would be rendered void, unless ratified to the assignee thereof, by the written consent thereon, signed by the president and secretary, or any two directors of the company. *Held,* that a sale of the buildings without a transfer of the policy, rendered the policy void.

ON report from the superior court.

An action upon a policy of fire insurance to recover for a loss by fire of the property covered by the policy.

The opinion states the material facts.

*John J. Perry,* for the plaintiff, contended that there was a sufficient transfer and assignment of the insurance policy; that Faunce was the agent of the company and the delivery of the policy with the written assignment made by Faunce, the agent, upon the back of the policy constituted a lawful transfer of the policy; that the oral assignment was valid in law and the reducing of that to writing was the carrying out of the understanding and intention of the parties, and the lack of signature to the assignment was cured by the actual delivery of the policy. Counsel cited: 16 Gray, 448; 56 Maine, 371; 122 Mass. 34; 1 Parsons, Contracts, (3d ed.) 197; *Littlefield* v. *Smith,* 17 Maine, 327; *Porter* v. *Bullard,* 26 Maine, 448; *Pollard* v. *Ins. Co.* 42 Maine, 221; *Jones* v. *Witter,* 13 Mass. 304; *Grover* v. *Grover,* 24 Pick. 261.

Counsel further contended that notice of the transfer and assignment to Faunce, the agent, was notice to the company, citing: Stats. 1873, c. 148, § 6, and 1874, c. 90.

If there was no expressed assent of the company to the transfer, it was because of the negligence of the agent or secretary, in either case the plaintiff was not in fault and should not suffer.

*N. and J. A. Morrill,* for the defendant, cited, *Tomlinson* v. *Monmouth M. F. Ins. Co.* 47 Maine, 232; *Eastman* v. *Ins. Co.* 45 Maine 307.

LIBBEY, J.     On the 7th of July, 1877, the defendant company insured Eunice Crooker in the sum of one thousand dollars on her farm buildings against fire for the term of five years. She paid the cash premium and gave her deposit note for fifty-two dollars and fifty cents.

On the first day of May, 1878, she mortgaged the premises to one Luther Perkins. The policy was not assigned and no notice of the mortgage given to the defendants. October 25, 1879, she conveyed the premises by absolute deed to said Perkins. The policy was not assigned to Perkins, and nothing was said about it and no notice of the sale was given to the defendants.

April 5, 1880, Perkins conveyed the premises to the plaintiff with no agreement about the insurance. Some time afterwards in a conversation about getting insurance on the buildings, Perkins

informed the plaintiff that Mrs. Crooker had a policy on them, and the plaintiff went to her and got the policy, and carried it to Perkins and requested him to transfer it to him. Perkins declined to take charge of it, and referred him to Mr. Faunce, who took Mrs. Crooker's application and forwarded it to the defendants when the policy was made.

At the request of the plaintiff, Perkins took the policy to Faunce and requested him to get it transferred to the plaintiff. Faunce took it and undertook to make the assignment, but said to Perkins he did not know as the company would consent to it. He wrote upon the policy, under date of April 10, 1880, an assignment to be signed by Mrs. Crooker, and sent the policy to the secretary of the company without getting Mrs. Crooker to execute the assignment, and with no explanation of the purpose for which it was sent. The secretary, not noticing the pretended assignment, supposed it was surrendered, and wrote upon it " surrendered," and cancelled the deposit note.

The buildings were burned February 14, 1881. In our opinion, these are all the facts disclosed in the report, which need be considered in determining the rights of the parties.

The fifth condition of the policy provides that " if the building is sold or transferred, the policy is void unless ratified to the assignee thereof as per by-laws." The sixth condition provides, among other things, that " if the insured shall have mortgaged the property without the consent of the company, certified on the back of the policy by the president and secretary, or by two of the directors, then the policy shall be absolutely void. Article 8 of the by-laws, requires the consent of the company to be in writing on the policy, signed by the president and secretary, or by two of the directors.

By the absolute sale of the buildings by Mrs. Crooker to Perkins, without a transfer of the policy, under the conditions aforesaid it became void. She ceased to have an insurable interest in the property, and no longer had any legal interest in the policy which she could assign to the plaintiff, if she had undertaken to do so; but the evidence does not satisfy us that she ever did sell and assign the policy, either by parol or in writing to the

plaintiff. If she had done so, and the company with full knowledge of all the facts, had ratified it and admitted the plaintiff a member, he might recover. But the case not only fails to show that the facts were communicated to the company, but fails to show that the company consented to the assignment, either by parol or in writing, or that Faunce, if he was the agent of the company, gave such consent, as he informed Perkins when he took the policy, that he did not know that the company would consent.

We can see no ground upon which the action can be maintained.

*Judgment for the defendants.*

PETERS, C. J., WALTON, DANFORTH and VIRGIN, JJ., concurred.